IN THE UNITE STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

FILED
CLERK, U.S. DISTRICT COURT
MAR 30 2011
CENTRAL DISTRICT OF CALIFORNIA
BY           DEPUTY

Peter Lee Mendoza            CASE N°. CV10-5011-JVS (FFM)
Petitioner,                  Petition for Write of Hebeas corpus
V
McDonald                     (Evidentairy Hearing Requested)
Respondent


Ground 1. INEFFECTIVE ASSISTANCE OF Counsel
Petitioner Submit's he was denied the effective assistance of Counsel when counsel waived closeing arguments befor the Jury, therby Providing the Jury with no interpretation of the evidence favorable to petitioner, and reason to return any verdict other than guilty of Murder. The fact's relating to this claim do not fully appear in the record on appeal in case B206639. Relevant facts are offerd here in the form of declaration under penalty of perjury which demonstrate that petitioner did not receive the effective assistance of counsel to which he was intitled under the Sixth Amendment. A criminal defendant is entitled to the effective assistance of trial counsel. (U.S. Const., Amend. VI&XIV; Calif. Const., art. 1, § 15; Strickland v. Washington (1984) 466 U.S. 668; Powell v. Alabama (1932) 287 U.S. 45, 71. People. v. Ibarra (1963) Cal. 2d →

460, 464, disapproved on other grounds in People v. Pope (1979) 23 Cal.3d 412.) It is trail Counsel duty to investigate fully all defense of fact and, law that might have been available to the accused (People v. Lang (1974) 11 Cal. 3d 134, 142 citing In re. William's (1969) 1 Cal. 3d 168, 175.)

"A crucial defense is not nessessarily one which if presented, would result in exorably in a defendant acquittal." [citation]" (People v. Rosales (1984) 153 Cal. App. 3d 353, 362 quoting People v. Pope, Supra, 23 Cal. 3d at 425, n. 15.)

"It is Sufficient... to observe that the defense was potentially meritorios, and that petitioner was denied an adjudication on the matter because of his inadequate factual and legal preparations." (People v. Rosales, Supra, 153 Cal. App. 3d at 362 quoting In re. Hall (1981) 30 Cal. 3d 408, 434; emphasis in original.) Fact's in the record which would have supported a verdict of Voluntary Manslaughter May, in this case, be considered a potentially meritorious defense to the charge of Murder. Those fact's were not argued to the Jury because counsel waived closing arguments. Where, as here, the record fails to illumenate the basis for counsel's omission. "A Claim of ineffective asistance is more appropriately made in a petition for hebeas Corpus." (People v. Pope, Supra, 23 Cal. 3d at 426; People v. Frierson (1979) 25 Cal. 3d 142, 158; Pen Code §1473.) Since Pope, there has been no doubt that claim's of effective assistance of trail counsel can be brought in a petition for writ of hebeas corpus. (People v. Camilleri (1990) [cut off] People v. Visciotti (1992) 2. Cal. 4th 1, 47-48, n.17; People v. Day-

(1988) 201 Cal. App. 3d 112, 121, 122; People v. Geddes (1991), 1 Cal App. 4th 448, 454.) Accordingly, habeas Corpus is the proper vehicle for raising petitioner's claims (In re Hochberg (1970) 2 cal. 3d 870; Peyton v. Rowe (1968) 391 U.S. 54.)

## PETITIONER'S RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL WAS VIOLATE, AND HE WAS PREJUDICED, WHEN TRIAL COUNSEL ELETED NOT TO PRESENT A CLOSING ARGUMENT ON PETITIONER'S BEHALF

Petitioner submits he was prejudiced when defense counsel elected to waive his opportunity to address the jury in closing argument. The decision of trail counsel meant the jury heard nothing from the defense regarding aspects of the evidence which would have provided a basis for a verdict of voluntary manslaughter. This decision was made despite that the trail court instructed the jury on voluntary manslaughter, and imperfect self defense. The decision by counsel was unreasonable under the circumstances, and resulted in a violation of petitioner's right to the effective assistance of counsel, as promised under the Sixth Amendment.

To show Prejudice under the Sixth Amendment standards, a defendant must show there is a reasonable probability he would have obtained a more favorable result had counsel's performance not been deficient. (Strickland, supra, 466 U.S. at 693-694; Ledesma, supra, 43 Cal. 3d at 217-218.) "When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the [trail counsel's] errors, the factfinder would have had a reasonable doubt respecting guilt." (Strickland, supra, 466 U.S. at 695.) "A reasonable probability is a probability sufficient to undermind confidence in the outcome." (People v. Williams (1997) 16 Cal. 4th 153, 215; citation omitted.) It is also clear that under Strickland, the defendant is not required to prove that, but for errors of trail counsel, he would surelly have been acquitted. No defendant could ever prove such a proposition. Where the record on appeal lacks an adequate explanation as to why counsel acted or failed to act in the manner challenged, the case must be affirmed on appeal unless was asked for an explanation and failed to provide one, or unless as petitioner submits happen here, there simply could be no satisfactory answer (People v. Pope, supra, 23 Cal. 3d at 426.) Here, as shown by the Exhibits, defense counsel was asked why he failed to make a closing argument, and he responded that "there was nothing to say". Yet the evidence shown in the exhibits, if a proper argument would have been made in this case, defense counsel should have explained to the Jury, the evidence and by doing so would have resulted in a lesser verdict,

Voluntary Manslaughter. In view of the fact that under Voluntary Manslaughter verdict, the maximum prison term, including an enhancement for personal use of a fire, would have been determinate term of 21 years in prison (See Pen. Code §§ 192, 193, and Pen. Code, § 12022.5) The fact defense counsel passed up any opportunity to persuade the Jury to return a verdict on the lesser included offense was clearly prejudicail to petitioner. Where the decision of trail counsel resulted in the withdrawal of a potentially meritorious defense," the defendant has not had the assistance to which he is entitled." (In re Saunders (1970 2 Cal.3d 1033, 1042.) A crucial defense has been defined as one which would not necessarily result in an acquittal. (See, for example People v. Rodriguez (1977) 73 Cal. App. 3d 1023, 1028; People v. Shells (1971) 4 Cal. 3d 626, 631.) One of california's leading early cases on the requirements of the sixth Amendment right to counsel found that by failing to obtain an adjudication on the stronger of two potential, trail counsel deprived his client of constitutionally adequate assitance. (People v. Ibarra (1963) 60 Cal. 2d 460, 465-466.) Though, in light of later cases, Ibarra may be outdated, it remain's instructive on the question of trail counsel obligation to present the Jury with any potentially meritorious theory of defense.

In Ibarra, the court said that counsel's action's, "precluded resolution of the crucial factual issue supporting defendant's primary defense", A defense which was crucial because it arguably might have produced a verdict for the defendant, not because it would inevitably have done so (Ibarra, supra, 60 cal. 2d at 466.) In the instant case, the decision of defense counsel to waive-

closeing argument, meant the Jury was given absolutely no guidanse as to aspect's of the evidence which would demonsrate imperfect of unreasonable self defense, and would have supported a verdict of voluntary manslaughter. Thus, as in Ibarra, counsel's decision precluded resolution of crucial factual issue which would support petitioner's primary defense. Here, of course, by his waiver of closing argument, defense counsel never asked the Jury to find petitioner guilty of the lesser included offense, or even to acquit him. By his action's, defense counsel essentially conceded petitioner's guilt, and acquiesced in petitioner's conviction of murder. Petitioner submit's he was prejudiced, and his right to effective assistance of counsel under the Sixth Amendment was violated, by the decision of defense counsel to waive closing argument. The judgment of conviction must be reversed.

## CONCLUSION

For the reason stated, this court should grant the petition for writ of habeas corpus, and reverse petitioner's conviction of murder in Los Angeles County Superior Court case number MA031892, and grant petitioner a new trial.

Date
3-27-11

Respectfully Submitted

*Peter L. Mendoza*
Peter Lee. Mendoza
in pro pr

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

_Peter Lee. Mendoza_

**PLAINTIFF or PETITIONER**

v.

_Mc Donald_

**Defendant or Respondent**

Case Number: CV10-5011-JVS (FFM)

Petition for writ of hebeas corpus

**PROOF OF SERVICE**

I hereby certify that on _March 27_, 20_11_, I served a copy of the attached _Petition for Writ of Hebeas corpus_, by placing a copy in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the United States Mail at _____ : United States District court U.S. Court house Room. 68 Los Angeles, California 90012, and Also A copy to: Attorney General (David Zarmi) State of California Department of Justice office of Attorney General 300 S. Sping street Los Angeles, CA 90013

declare under penalty of perjury that the foregoing is true and correct.

_Peter Mendoza_